**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6952**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

REGINALD HILTON BELTON,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:18-cr-00113-FL-1; 5:22-cv-00342-FL)

_____

Submitted:  April 29, 2024                    Decided:  May 13, 2024

_____

Before KING and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Remanded by unpublished per curiam opinion.

_____

Reginald Hilton Belton, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Hilton Belton seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 motion. Parties are accorded 60 days after the entry of the district court's final judgment or order to note an appeal when the United States is a party to a civil action, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Rule 4(a)(5) or reopens the appeal period under Rule 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on February 7, 2023 and the appeal period expired on April 10, 2023. On June 22, 2023, Belton sent a letter to the district court inquiring as to the status of his case and asserting that he had not received an order from the district court.[*] Belton filed a notice of appeal on August 28, 2023, stating that he had subsequently received the district court's order. Belton's notice of appeal was not filed within 60 days after the district court's entry of judgment. However, because his inquiry into the status of his case was made within 180 days of the entry of the district court's order, we construe Belton's June 22, 2023, filing as a motion to reopen the time to appeal under Rule 4(a)(6). Accordingly, we remand for the district court to determine whether

---

[*] For purposes of this appeal, we assume that the dates appearing on Belton's filings are the earliest they could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack,* 487 U.S. 266, 276 (1988).

2

Belton can satisfy the requirements of Rule 4(a)(6).  The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*